RECEIVED

JUN 2 0 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| FRANK L. MCCALL, JR. | * | CIVIL ACTION NO. 07-0240 |
| VERSUS | * | JUDGE MELANÇON |
| DONALD W. WASHINGTON<br>CITY OF LAFAYETTE | * | MAGISTRATE JUDGE METHVIN |

## REPORT AND RECOMMENDATION

Pending is the Motion for Summary Judgment filed by the United States of America

("USA").[1] *Pro se* plaintiff, Frank L. McCall, Jr. ("McCall"), has sued United States Attorney

Donald W. Washington ("Washington") and the City of Lafayette. The USA moves for

Summary Judgment dismissing all of McCall's claims. McCall has filed an opposition and a

proposed amended complaint.[2]

For the following reasons, it is recommended that the Motion for Summary Judgment be

**GRANTED.** It is further recommended that this civil action be **DISMISSED WITH**

**PREJUDICE.** The undersigned further recommends that McCall be denied leave to amend his

complaint ant that the proposed amended complaint be **STRICKEN.** It is further recommended

that McCall be **SANCTIONED.**

---

[1] Rec. Doc. 2.

[2] Rec. Doc. 4.

2

### *Statement of Claim*

On October 2, 2006, McCall filed this action in the 15th Judicial District Court, Parish of Lafayette, Louisiana, alleging that U.S. Attorney Donald W. Washington and prison officials in the City of Lafayette knew that his civil rights were violated in their district.  On February 13, 2007, the United States of America through defendant Washington removed the action to this court.

McCall alleges that in 1989, Justice Jeffery P. Victory, while serving on the state district court bench in Caddo Parish, appointed an allegedly unlicenced attorney, Patricia A. South (who has since married and is known as Patricia A. Shacklette) to represent him in a state court criminal proceeding.  McCall claims that had he been represented by a licensed attorney he would not have been convicted in that criminal proceeding.

On November 1, 2001, attorney David E. Stone, with Louisiana Attorney Disciplinary Board, responded to correspondence from plaintiff dated October 18, 2001 inquiring whether Ms. Shacklette was a licensed attorney.  Mr. Stone informed plaintiff that Mrs. Patricia A. Shacklette was in fact licensed and in good standing in March of 1990 when she represented petitioner at his trial.

On March 9, 2004, plaintiff sent Mr. Washington a copy of Mr. Stone's letter and requested that he investigate the matter.  On March 18, 2004, Washington advised that after interview of Mrs. Shacklette and review of information from the Louisiana Bar Association, there was no evidence to support petitioner's allegation that Mrs. Patricia A. Shacklette was unlicenced when she represented him in criminal proceedings.

3

McCall alleges that Washington's "investigation into this case of fraud, was incorrect in an attempt to cover-up for Justice Jeffery P. Victory."[3]   The City of Lafayette is not included as a defendant in McCall's paragraph entitled "Defendant" nor does he allege any facts setting forth the City of Lafayette's involvement in the claim, but instead simply lists the City of Lafayette as a defendant in the caption and notes that the violation of his rights, i.e., Washington's allegedly incorrect investigation, occurred in Lafayette.

### McCall's Previous Lawsuits

Since his conviction and sentence years ago, McCall has filed a total of at leaset **fifty-six** lawsuits in state and federal court against various state and federal officials, and at least 30 in this court alone.  McCall's lawsuits have been dismissed as frivolous,[4] for failure to comply with deficiency orders, or they have been stricken pursuant to 28 U.S.C. § 1915(g) or as second and successive *habeas* petitions filed without authorization by the Fifth Circuit Court of Appeals.  At least twenty-three lawsuits contain allegations regarding his criminal attorney, Patricia A. Shacklette, similar to those made herein.[5]

In three cases in this court, McCall was expressly warned that he would be sanctioned, including requiring judicial pre-approval of all future actions, if he continued to file successive complaints against the same or similar defendants based on the same set of facts.  *See  McCall v. Patricia South*, 5:00cv1525, (Rec. Doc. 3); *McCall v. Caddo Parish Association of Indigent*

---

[3] Rec. Doc. 1-3 at p. 6.

[4] 5:96cv951; 5:96cv986; 5:96cv1565; 5:96cv1753; 5:96cv1793; 6:05cv1881.

[5] See as examples:  5:00cv430; 5:00cv1137; 5:00cv1230; 5:00cv1295; 5:00cv1525; 5:00cv1627; 5:01cv1871; 5:96cv1753; 5:99cv2315; 1:04cv1953; 5:02cv2432; 5:03cv0005; 5:03cv255; 5:04cv675; 5:04cv1961; 5:04cv1972; 5:04cv1973; 5:05cv991; 5:05cv1391; 5:05cv1842; 5:04cv1526.

4

*Defenders*, 5:00cv1627, (Rec. Doc. 3); and *Mcall v. Landrieu et al*, 6:05cv1881 (Rec. Doc. 13).

Despite these warnings, McCall has continued to file actions based on Ms. Shacklette's alleged

un-licensed status, not only in this court, but also in the state courts, which suits are being

removed by the United States to this court.

### *Legal Analysis*

The Federal Rule of Civil Procedure Rule 56 provides for summary judgment where no

genuine issue as to any material fact exists.  Fed.R.Civ.P. 56(c).  The threshold inquiry is whether

there are any genuine factual issues that properly can be resolved only by a finder of fact because

they may reasonably be resolved in favor of either party.  *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).  An issue is material if its

resolution could affect the outcome of the action.  Id.  In deciding whether a fact issue has been

created, the court must view the facts and the inferences in the light most favorable to the

nonmoving party.  *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir.1999).  A

party seeking summary judgment "always bears the initial responsibility of informing the

District Court of the basis for its motion, and identifying those portions of 'the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

any,' which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986).  If the moving

party has the burden of proof at trial, he must come forward with evidence which would entitle

him to a directed verdict if the evidence were uncontroverted at trial. *Id.* at 324.

Moreover, the court must undertake a frivolity review of this case.  When a prisoner sues

an officer or employee of a governmental entity,  the court is obliged to evaluate the complaint

5

and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon

which relief can be granted, or seeks monetary relief from a defendant who is immune from such

relief.  28 U.S.C.1915A; *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact.  *Booker v. Koonce*, 2

F.3d 114, 115 (5th Cir.1993); *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118

L.Ed.2d 340 (1992).  A civil rights complaint fails to state a claim upon which relief can be

granted if it appears that no relief could be granted under any set of facts that could be proven

consistent with the allegations of the complaint.  Of course, in making this determination, the

court must assume that all of the plaintiff's factual allegations are true.  *Bradley v. Puckett*, 157

F.3d 1022, 1025 (5th Cir.1998).

A civil rights plaintiff must support his claims with specific facts demonstrating a

constitutional deprivation and may not simply rely on conclusory allegations.  *Schultea v. Wood*,

47 F.3d 1427, 1433 (5th Cir.1995).  Nevertheless, a district court is bound by the allegations in a

plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim

if given yet another opportunity to add more facts to the complaint."  *Macias v. Raul A.*

*(Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

### *Original Complaint - Prescription*

The USA argues that McCall's claims are prescribed.  McCall argues that he has alleged a

state tort claim, and therefore there is no federal court jurisdiction.

McCall's characterization of his claims fails as his claims are clearly claims for civil

rights violations.  Although McCall cites Louisiana Civil Code Article 1953, which defines

fraud, and Louisiana Revised Statutes 9:5605, which provides the prescriptive period for legal

malpractice actions, McCall expressly alleges in his Complaint that "defendant acted under color

6

of state and federal law" and McCall cites *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) as support for his claim. Moreover, McCall's Complaint references "constitutional and civil rights violations."[6] Additionally, the Complaint refers to 28 U.S.C. § 1331, 1343, and 1391 as the jurisdictional basis. Further, McCall seeks punitive damages which are not available under state law, but rather are only available under federal law in actions asserting civil rights violations under § 1983. *Smith v. Wade*, 461 U.S. 30, 103 S.Ct. 1625, 1640, 75 L.Ed.2d 632 (1983); *Thomas v. Frederick*, 766 F.Supp. 540, 561 (W.D.La. 1991) (noting in a §1983 suit that punitive damages are not available under state law for violations of constitutional rights).

Thus, the undersigned concludes that this is an action for federal civil rights violations arising under federal law. Insofar as the action is against a federal official, the instant action is not an action pursuant to 42 U.S.C. § 1983, but rather is properly characterized as an action pursuant to *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which "extends the protections afforded by § 1983 to parties injured by federal actors [who are] not liable under § 1983." See *Abate v. Southern Pac. Transp. Co.*, 993 F.2d 107, 110 fn. 14 (5th Cir. 1993). McCall's claims against the City of Lafayette, a state actor, however, are brought under § 1983. This distinction does not impact the legal analysis regarding prescription because the same prescriptive period applies to both a § 1983 and a *Bivens* action. *Mayo v. United States*, 1999 WL 594685, *1 (W.D.La. 1999) citing *Pena v. United States*, 157 F.3d 984, 987 (5th Cir. 1998), *Gaspard v. United States*, 713 F.2d 1097, 1102 fn. 11 (5th Cir. 1983) and *Laspopoulos v. F.B.I.*, 884 F.Supp. 214, 216 (E.D.La. 1995); *Alford v. United States*, 693 F.2d

---

[6] Rec. Doc. 1-3 at p. 3.

7

498, 499 (5ᵗʰ Cir. 1982); See also *Allen v. U.S. Bureau of Prisons*, 213 F.3d 639 (5ᵗʰ Cir. 2000);

*Pajooh v. Montgomery*, 31 Fed.Appx. 160 (5ᵗʰ Cir. 2001); *Fasola v. INS*, 66 Fed.Appx. 524 (5ᵗʰ

Cir. 2003).

Because there is no federal statute of limitations for *Bivens* and § 1983 actions, federal

courts borrow the general personal injury limitation period from the general tort law of the state

in which the action is brought. *Wilson v. Garcia*, 471 U.S. 261, 279-280, 105 S.Ct. 1938, 85

L.Ed.2d 254 (1984); *Mayo*, 1999 WL 594685 at *1 citing *Pena*, 157 F.3d at 987, *Gaspard*, 713

F.2d at 1102 fn. 11 and *Laspopoulos*, 884 F.Supp. at 216; *Alford*, 693 F.2d at 499; *McGuire v.*

*Turnbo*, 137 F.3d 321, 324 (5ᵗʰ Cir. 1998). See also *Owens v. Okure*, 488 U.S. 235, 250, 109

S.Ct. 573 (1989).  Accordingly, the Fifth Circuit has approved application of Louisiana's one-

year personal injury statute of limitations provided by La. Civ.Code Ann. art 3492 in § 1983 and

*Bivens* actions. *Lavellee v. Listi*, 611 F.2d 1129 (5ᵗʰ Cir. 1980); *Alford*, 693 F.2d at 499[7];  *Allen*,

213 F.3d 639; *Pajooh*, 31 Fed.Appx. 160; *Fasola*, 66 Fed.Appx. 524.   See also *Elzy v.*

*Roberson*, 868 F.2d 793, 794-795 (5ᵗʰ Cir. 1989); *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5ᵗʰ

Cir. 1998).  Hence, plaintiff's civil rights claims are governed by the one-year prescriptive period.

Although Louisiana's one-year prescriptive period is used in determining the time

prescriptive time period, federal law is used to determine when a cause of action accrues.

*Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5ᵗʰ Cir. 1995); *Jacobsen*, 133 F.3d at 319.

Under federal law, a cause of action accrues when a plaintiff "knows or has reason to know of the

injury which is the basis of the action." *Harris v. Hegmann*, 198 F.3d 153, 157 (5ᵗʰ Cir. 1999).

---

[7]The *Alford* court cited former article 3536.  The current article is Civil Code article 3492. See Revision Comments-1983 (noting that article 3492 is derived from former article 3536, that the new "[a]rticle does not change the law", and that "jurisprudence interpreting the source provision[] continues to be relevant.").

**8**

"Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski*, 51 F.3d at 516, quoting *Vigman v. Community National Bank and Trust Co.*, 635 F.2d 455, 459 (5th Cir. 1981). A plaintiff need not realize that a legal cause of action exists but only that the facts support a claim. *Id.* citing *Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983).

McCall's contact with Washington was in March, 2004, when he requested that Washington investigate Ms. Shacklette's status to practice law. Thus, McCall knew the facts which form the basis of his alleged constitutional violation by Washington for failure to investigate in on March 18, 2004, when Washington advised McCall of the results of his investigation. Nevertheless, McCall failed to file suit until October 2, 2006, well after the one-year prescriptive period had lapsed.

Moreover, McCall was well aware that his claims had prescribed when he filed the lawsuit in state court on October 2, 2006. On February 24, 2006, Magistrate Judge Hill issued a Report and Recommendation finding that McCall's exact same claim against Washington had accrued on March 18, 2004, and therefore, his claims filed more than one year after that date were prescribed.[8]

In light of the foregoing, the undersigned concludes that McCall's claims accrued, at the latest, on March 18, 2004, the date of United States Attorney Washington's letter to McCall. Accordingly, plaintiff's claims were prescribed when this action was filed in state court on

---

[8]  See 05cv1881 Rec. Doc. 13 at p. 11-12. Judgment adopting Report entered March 13, 2006. Rec. Doc. 15.

9

October 2, 2006.   Hence, plaintiff's civil rights claims are barred by the one-year statute of

limitations.[9]   It is therefore recommended that McCall's Complaint be dismissed.

### Proposed Amended Complaint

McCall filed an "Answer to Notice of Removal of Civil Action and Second Amended to

Correct Jurisdiction for Petition for Damages" in which McCall reiterates his claim regarding

Ms. Shacklette's license to practice law, and adds the following two claims: (1) that the

defendants "knew or should have known when the Department of Public Safety and Corrections

created the Louisiana Risk Review Panel the Panel violated the constitutional rights of the

plaintiff by stopping him from earning good-time benefits under R.S. 15:529.1 15:571.3(c) 2,3";

and (2) that the defendants "knows or should have known that plaintiff's constitutional rights has

been violated, being housed at a privately owned facility which reside juveniles who are

adjudicated delinquent, in need of supervision, neglected, place in state custody, mentally ill or

disabled, mentally retarded, or chronically ill or handicapped of being in a safe environment

while being incarcerated for a non-violent crime that he was convicted of in 1989."[10]

---

[9]  The undersigned also notes that McCall's claims are clearly barred by the principles set forth by the
United States Supreme Court in *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct.  2364 (1994) because as concluded by
Judge Hill and adopted by Judge Melançon:

> McCall's claims would necessarily imply the invalidity of his state court conviction and present
> confinement.  In order for plaintiff to prevail in this lawsuit, McCall would have to prove that Ms.
> South, now Mrs. Shacklette, was indeed unlicenced during his 1989-1990 state criminal
> proceeding; absent that showing, McCall could not successfully demonstrate that Landrieu or
> Washington should have undertaken further investigation of his complaint.  This determination
> clearly falls with in the parameters of *Heck* as it bears a direct relationship to and "necessarily
> implies" the invalidity of McCall's conviction.  Thus, because McCall's conviction has not been
> invalidated under one of the *Heck* criteria, his claims are not cognizable and for that additional
> reason, his claims must be dismissed with prejudice.

[10]  Rec. Doc. 5.

10

The determination of whether to allow the amendment of a complaint is governed by

Federal Rule Civil procedure Rule 15.[11]   After responsive pleadings are filed to a complaint, the

complaint may be amended only by leave of court.   While such leave is to be freely given when

justice so requires, the decision is left to the sound discretion of the district court.  *Zenith Radio*

*Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971); *Dunn*

*v. Koehring Co.,* 546 F.2d 1193, 1198 (5th Cir.1977).   Under Rule 15, leave to amend a

complaint may be denied where there is a showing of "undue delay, bad faith or dilatory motive

on the part of the movant, repeated failure to cure deficiencies by amendments previously

allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or]

*futility of the amendment*." *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 230, 9 L.Ed.2d 222

(1962) (emphasis added).   The Fifth Circuit has equated futility in the context of amended

pleadings with failure to state a claim upon which relief can be granted. *Stripling v. Jordan*

*Prod. Co.,* 234 F.3d 863, 873 (5th Cir.2000).

To the extent that McCall's proposed amended complaint arises under 42 U.S.C. §1983

(for the claims against the City of Lafayette) and *Bivens* (for the claims against Washington), it

clearly fails to state a claim for which relief may be granted.  "In order to recover under §1983, a

---

[11] Federal Rule of Civil Procedure 16(b) governs the amendment of pleadings after a scheduling order deadline has expired.  S & W Enterprises, L.L.C. v. Southtrust Bank of Alabama, 315 F.3d 533, 535-36 (5th Cir.2003); *see also* Dallas Area Rapid Transit v. Foster, No. 3-00-CV-1080-BD, 2002 WL 31433295 at *1 (N.D.Tex. Oct. 28, 2002).  Under Rule 16(b), a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge."  The good cause standard requires a showing that, despite his diligence, the movant could not reasonably have met the scheduling order deadline.  S & W Enterprises, 315 F.3d at 535; Foster, 2002 WL 31433295 at *1.  In determining whether the movant has met this burden, the court considers: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure any such prejudice. S & W Enterprises, 315 F.3d at 536 (citing Reliance Insurance Company v. Louisiana Land & Exploration Company, 110 F.3d 253, 257 (5th Cir.1997)).

11

plaintiff must prove (1) that he was deprived of a federally protected right, and (2) that the

deprivation occurred under color of state law." *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155,

98 S.Ct. 1729, 1733, 56 L.Ed.2d 185 (1978).  With respect to a *Bivens* claim, plaintiff must show

that the deprivation of his federally protected right occurred under color of "federal law."

*Rutherford v. United States*, 702 F.2d 580 (5ᵗʰ Cir. 1983).

In order to prove the deprivation of a right protected by Constitution, a plaintiff must

prove state action. *Doe v. Rains County Indep. Sch. Dist.*, 66 F.3d 1402, 1406 (5th Cir.1995).

The plaintiff may satisfy the "under color of state law" requirement by proving that the conduct

causing the deprivation is "fairly attributable to the State" which means proof  (1) that the

deprivation was caused by the exercise of a state-created right or privilege, by a state-imposed

rule of conduct, or by a person for whom the state is responsible, and (2) that the party charged

with the deprivation may be fairly described as a "state actor." *Landry v. A-Able Bonding, Inc.*,

75 F.3d 200, 203-04 (5ᵗʰ Cir. 1996) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937

(1982)).  In a *Bivens* action, plaintiff must show that the deprivation was at the hands of a

"federal actor." *Bivens*, 403 U.S. at 395-97.

McCall seeks to hold Washington and the City of Lafayette responsible for issues

regarding his good-time benefits and housing situation.  McCall fails to show, nor can the

undersigned decipher, how the United States Attorney and the City of Lafayette are in any way

responsible for whether McCall earns or is entitled to earn good-time credits or where the state

decides to house him.  McCall was not convicted in Lafayette or in federal court, nor is he

serving his sentence in Lafayette (McCall is in state custody and is incarcerated in Wiinfield,

Louisiana).  McCall is not in any way under the jurisdiction nor is he in the custody of the City of

12

Lafayette or the federal government.  Thus, Washington and the City of Lafayette have no control over or duty regarding McCall.

Moreover, in order to state a civil rights claim, plaintiff must have been deprived of a federally protected right.  There can be no relief under 1983 or *Bivens* if there has been no deprivation of a federally protected civil right.  *Baker v. McCollan*, 443 U.S. 137, 140, 99 S.Ct. 2689, 2692, 61 L.Ed.2d 433 (1979).  The Fifth Circuit has held that "the Due Process Clause does not, by itself, endow a prisoner with a protected liberty interest in the location of his confinement." *Taylor v. Jagers*, 115 Fed. Appx. 682 (5th Cir.2004) (unpublished) (citing *Meachum v. Fano*, 427 U .S. 215, 225 (1976)).  "That life in one prison is much more disagreeable than in another does not in itself signify that a Fourteenth Amendment liberty interest is implicated when a prisoner is transferred to the institution with the more severe rules." *Meachum*, 427 U.S. at 225.  Likewise, the Fifth Circuit has held that as a general rule, only the loss of good time credit or actions which otherwise directly and adversely affect release will implicate a constitutionally protected liberty interest. Orellana v. Kyle, 65 F.3d 29, 31-32 (5th Cir.1995).  Thus, McCall has not identified constitutionally protected liberty interests, and since no due process rights have been implicated, McCall's proposed amended complaint fails to state a claim.

Considering the foregoing, the undersigned concludes that McCall's proposed amended complaint is frivolous and therefore amendment would be futile.  Accordingly, it is recommended that the court deny leave to amend the complaint and that the amended complaint be stricken from the record.

13

### *Sanctions*

In light of McCall's fifty-six lawsuits, and the duplicative and frivolous nature of many of the lawsuits, the undersigned recommends that McCall be sanctioned. The present allegations concerning his trial counsel's license to practice law are similar to those already deemed frivolous and/or prescribed and illustrate McCall's determination to knowingly file claims which are without merit.

The court may structure sanctions as are necessary or warranted to control this court's docket and maintain the orderly administration of justice. See *Goldgar v. Office of Administration*, 26 F.3d 32, 36 n.3 (5th Cir. 1994); *Mendoza v. Lynaugh*, 989 F.2d 191 (5th Cir. 1993); *Moody v. Miller*, 864 F.2d 1178, 1179 n.2 (5th Cir. 1989). Sanctions which may be imposed include a requirement that plaintiff obtain judicial pre-approval for all future *pro se* filings, monetary sanctions, assessment of court costs, suspension of plaintiff's right to proceed *in forma pauperis* until all previous litigation costs are paid, or other appropriate sanctions. *Id.*; *Lay v. Anderson*, 837 F.2d 231 (5th Cir. 1988); *Mayfield v. Collins*, 918 F.2d 560, 562 (5th Cir. 1991).

This court's records clearly demonstrate that McCall has flagrantly abused the judicial system by filing numerous repetitious lawsuits, which have burdened the court. Therefore, the undersigned recommends that the court sanction McCall as follows: (1) require McCall to obtain written judicial pre-approval for all future *pro se* filings in this court; (2) in state cases that are removed and which are subsequently dismissed, McCall should be subjected to monetary sanctions; and (3) suspend McCall's right to proceed *in forma pauperis* in this court, unless the lawsuit reveals that McCall is in imminent danger of serious physical injury.

14

*Conclusion*

For the reasons set forth above, **IT IS RECOMMENDED** that the Motion for Summary Judgment be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that this civil action be **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER RECOMMENDED** that McCall be denied leave to amend his complaint and that the amended complaint be **STRICKEN**.

**IT IS FURTHER RECOMMENDED** that the court sanction McCall as follows: (1) require McCall to obtain written judicial pre-approval for all future *pro se* filings in this court; (2) in state cases that are removed and which are subsequently dismissed, McCall should be subjected to monetary sanctions; and (3) suspend McCall's right to proceed *in forma pauperis* in this court, unless the lawsuit reveals that McCall is in imminent danger of serious physical injury.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court.  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal**

15

conclusions accepted by the District Court, except upon grounds of plain error. *See*

*Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana on _June 20_ , 2007.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, LA 70501
(337) 593-5140        FAX 593-5155

COPY SENT:
DATE: 6/20/07
BY: Cw
TO: hen
TLm